## Horne *v.* Hoyle.[1]

### (*Circuit Court, E. D. Missouri.* October 1, 1886.)

1. **Set-Off and Counter-Claim—Contract—Rev. St. Mo. § 3522.**
   In a suit on a contract by an alleged assignee thereof, the defendant may, under the Missouri practice act, set up as a counter-claim a breach of a contract between himself and the plaintiff; and the fact that he alleges that such contract is the one sued on does not make his answer demurrable.

2. **Same—Contract—Variance.**
   *Semble,* that where, in a suit upon a contract, the plaintiff sues as assignee thereof, there can be no recovery if the evidence shows that the contract was made with him.

At Law. Demurrer to answer.
For opinion on motion to strike out, see 27 Fed. Rep. 216.
*George D. Reynolds,* for plaintiff.
*Dyer, Lee & Ellis,* for defendant.

Brewer, J., (*orally.*) This petition alleges a contract between an electric light company and the defendant for the putting in of an electric plant, the performance of the contract, a partial payment, and an assignment to the plaintiff. At the last term the defendant answered, and a motion made to strike out part of the answer was sustained. Thereafter an amended answer was filed containing as a second defense a counter-claim. In that counter-claim the defendant alleges that the plaintiff made the contract with the defendant; that the contract was broken by the plaintiff; and asks damages for the breach. One of the stipulations in the contract, as alleged both in the petition and answer, was that an indemnifying bond should be given guarantying the defendant against any suit for infringement or otherwise; and in this counter-claim it is alleged that the plaintiff failed to give this indemnifying bond, and that he has been sued by the Thompson-Houston Electric Light Company, and defendant has been put to costs and expense. The plaintiff insists that we must take the petition as disclosing just such a contract as he alleges,— a contract made by the electric light company, and afterwards as-

[1] Edited by Benj. F. Rex, Esq., of the St. Louis bar.

signed to the plaintiff; and it is contended the defendant cannot, by alleging that the contract was made with the plaintiff, make a counter-claim arising out of the same transaction set forth in the petition.

I take it that, under the rules of pleading obtaining in this state, he is right in that respect; that we are to take the pleadings as they read, and not as affected by mere exhibits; and that if the contract, filed as an exhibit, and not made a part of the pleadings, when offered in evidence, turns out not to be a contract on the part of the electric light company, the plaintiff will go out of court because of a failure to prove his allegations. But it is also true that under your statute a counter-claim is not limited to a matter arising out of the subject of the plaintiff's cause of action. Any cause of action arising on a contract may be set up as a counter-claim.

The defendant alleges he made a contract with the plaintiff. True, he says it is the contract attached to the plaintiff's petition as an exhibit, but that is unimportant. He alleges he made a contract with the plaintiff, and that the plaintiff has broken that contract, and he has suffered damages thereby. If, on the trial, when the contract is produced it should turn out to be such as he alleges, the plaintiff must go out of court and the defendant's counter-claim will stand; for, if there was a contract made between the defendant and the plaintiff directly, broken by the plaintiff, there is a counter-claim which may be sued on, independent of the plaintiff's ability to maintain his cause of action. So I think there is an independent cause of action set forth in this counter-claim. The demurrer, therefore, will be overruled, and the plaintiff will have leave to reply.